Taliaferro, J.
This is a petitory action to recover a lot of ground with the buildings and improvement on it, situated in the Third District of New Orleans.
The petitioner prays to be decreed owner of the premises, and for rent for the same during the time he has been deprived of the use and enjoyment of the property.
The answer is a general denial. The defendant avers that he bought the property in question from Mrs. Julia Zoe, widow, by a former marriage, of John Sharkey, by notarial act dated June 11, 1864, and that he has been in continuous possession of it ever since. By way of re-convention, the defendant alleges the judgment under which plaintiff sets up title to be null and void and without effect. He calls in warranty his vendor, and prays judgment over against her if judgment be rendered against him. He prays that pjlainiifif’s suit be dismissed and that he have judgment in his favor. Judgment was rendered in his favor, and the plaintiff lias appealed.
The plaintiff derives title from a sheriff’s sale, made under an execution issued upon a judgment obtained by himself in a suit styled Dennis Cronan v. A Lot of Ground,” etc., numbered 9865 of the docket of the Sixth District Court of New Orleans.
The defendant exhibits as the muniment of his title a notarial sale and transfer of the property claimed by the plaintiff from the said Mrs. Sharkey, then wife of one McCollum, dated June 11, 1864.
*121 The plaintiff introduces in evidence the record of the suit No. 9865 of the Sixth District Court, by which we learn that the plaintiff was under contract with the city of New Orleans, about the year 1860, to construct the sidewalks on Spain street, a work which he performed, and which was accepted by the city. In the performance of this job he constructed the sidewalk in front of the lot of ground in controversy, the cost of which amounted to seventy-nine dollars and eighty-seven cents. In February, 1862, the plaintiff by a proceeding in rem caused the property to be provisionally seized, on the ground that after diligent inquiry he was unable to ascertain who the owner was, and that he had a privilege upon the property. A curator ad hoc was appointed to represent the unknown party, contradictorily with whom plaintiff had judgment with recognition of the lien and privilege claimed. The property was sold under this, judgment and the plaintiff bought it. A. bill of exceptions was taken to the admission in evidence of the act of sale set up by the defendant as the source of his title, on the ground that the vendor was, when she executed the act, a married woman, unauthorized in any manner to execute the deed. We think the court did not err in admitting it. The want of authorization of the husband or of that of the court, if the husband refused his assent, reudered the act she performed a relative nullity only; and one which only the husband or wife or their heirs could set up proceedings to annul. Civil Code, article 133; 5 An. 369; 9 An. 216; 10 An. 433; 17 An. 204.
- Two other bills of exceptions were taken by the plaintiff. One to the question put by the defendant’s counsel to the defendant himself, whether in the proceeding of Cronan, the plaintiff against the property, notice of seizure had been served upon the defendant. The other was to the refusal of the judge to strike out of the defendant’s answer all portions thereof which allege error in the proceedings in the suit No. 9865, on the ground that the judgment rendered in that suit was res judicata between the parties thereto; and that Cochran acquired no rights to the property other than those of his vendor, who is estopped by law from contesting said proceedings, as it is alleged said vendor was present in the parish when the sale was made under which Cronan acquired title and suffered the same to be made without opposition. The purport of both these bills are to the same effect, and they may be disposed of together.
The right of the party assailed in a petitory action to inquire into the validity of the proceedings under which the party attacking acquired title can admit of no doubt. The decisions of this court have been frequent on this point. See the case of Surgi v. Colmer, 22 An. 20, and cases there referred to, and also 8 N. S.105; 5 An. 678, and 11 An. 761.
*122 We think the defendant has been successful in showing the nullity of the judgment set up as the basis of Cronan’s title. The defendant sets out by announcing that it was essential to the validity of Cronan’s provisional seizure tiiat he should have had a privilege, and that the owner of the property should have been unknown. He then adduces in evidence the following facts to show that, at the time the writ of provisional seizure was issued, Cronan had no privilege. The survey- or's certificate, declaring tile account correct, is dated twenty-fourth of February, 1860. The order of court for the issuance of the writ of provisional seizure was rendered on the fourth of November, 1862, more than two years after the date of the surveyor’s certificate. The plaintiff bases his right to privilege on the act of 1840', p. 51, sec. 7. The defendant rejoins by referring to the proviso in that act which declares “that the privilege shall only exist when the account for paving, certified by the treasurer and controller, shall have been duly recorded in the mortgage office of this city, and shall exist only for two years after the tax has become due. If the registry were ever made, it was not until two years after the debt became due, when the right to the privilege and the privilege itself, if existing, was prescribed. It appears- that the surveyor’s certificate was recorded in the mortgage office on the ninth of January, 1863. The defendant shows that the house was occupied by the same tenant at the time of the construction of the sidewalks, and continuously afterward until 1865; that this tenant knew the property to belong to Mrs. Sharkey, rented it from her agent Nim, and afterward directly from her and paid his rent to her. The property v as assessed in Mrs. Sharkey’s name for the years 1861 and 1863. By ordinary diligence the plaintiff, it seems, might have ascertained that the owner of the property was not unknown. The seizure of the property was a mere paper seizure. Actual corporeal possession of the property by the sheriff was never effected. The jurisprudence on this subject is well determined by numerous decisions of this court. An actual taking into possession of the property by the sheriff is essential to the validity of a seizure. It was held in the case of Cone v. Stafford, 24 An. 262, that a purchaser at sheriff’s sale could not maintain a petitory action to recover the property where it had not been actually taken possession of by the sheriff in making the seizure.
In the case before us this whole proceeding, purporting to be m rem, it is shown was carried on up to the very day of the sale without the knowledge of the defendant, the owner of the property, who was by himself or tenants in the actual possession of the property. An adjudication under an illegal or insufficient seizure conveys no title. 11 An. 761; 12 An. 275.
*123 The sheriff recites in his return that he “notified personally John Culbertson, curator ad hoc for the unknown defendant, of the seizure, and caused said seizure to be recorded in the office of the recorder of mortgages for the parish of Orleans and city of New Orleans.” It has been fully shown, as we have seen, that the owner of the property was not unknown, but, on the contrary, that he was in the possession of the property pretended to have been provisionally seized at the time it was made. The special law establishing certain formalities to be observed in judicial proceedings, in order to constitute a seizure of real estate in the parishes of Orleans and Jefferson, do not apply in a case of this sort. That law, acts of 1857, p. 185, directs that notice is to be given to the party whose property is to be seized, to be followed by the recording of the notice in the office of the recorder of mortgages. See Revised Statutes, sections 3625, 3626, 3627 and 3628. We can regard the judgment of Cronan, under which he sets up title to the property, in no other light than a mere nullity, and conferring no right upon him.
It is therefore ordered and adjudged, that the judgment of the district court be affirmed with costs.